

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*      *973-645-2700*
*Newark, New Jersey 07102*

July 9, 2019

Laurie Fierro, Esq.
Law Office of Laurie M. Fierro, P.A.
135 Kinnelon Road Suite 104
Kinnelon, New Jersey 07405

      Re:   Plea Agreement with SABOR GORDON

Dear Ms. Fierro:

      This letter sets forth the plea agreement between your client, SABOR GORDON, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed original must be received by this Office no later than the close of business on **Friday, July 19, 2019**. If an executed agreement is not returned to this Office by that date, this offer will expire.

**Charge**

      Conditioned on the understandings specified below, this Office will accept a guilty plea from SABOR GORDON to an Information, which charges him with corruptly receiving, accepting, and agreeing to receive and accept something of value as a public official in return for performing official acts and violating lawful duties, in violation of Title 18, United States Code, Sections 201(b)(2)(A) and (C). If SABOR GORDON enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against SABOR GORDON for corruptly receiving, accepting, and agreeing to receive and accept cash payments from in or about September 2017 to in or about May 2018 as a public official in return for removing credit cards and checks sent through the United States mail and delivering the stolen items to individuals who were not authorized to receive them. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, SABOR GORDON agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date that this agreement is signed by SABOR GORDON may be commenced against him, notwithstanding the expiration of the limitations period after SABOR GORDON signs the agreement.

1

**Sentencing**

The violation of 18 U.S.C. §§ 201(b)(2)(A) and (C) charged in the Information to which SABOR GORDON agrees to plead guilty carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense; or (4) three times the monetary equivalent of the things of value received in exchange for performing official acts and the violation of official duties. A fine imposed by the sentencing judge may be subject to the payment of interest. SABOR GORDON also may be disqualified from holding any office of honor, trust, or profit of the United States.

The sentence to be imposed upon SABOR GORDON is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representations or promises as to what guideline range may be found by the sentencing judge, or as to what sentence SABOR GORDON ultimately will receive.

Further, in addition to imposing any other penalty on SABOR GORDON, the sentencing judge: (1) will order SABOR GORDON to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order SABOR GORDON to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) may order SABOR GORDON, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense.

Pursuant to 18 U.S.C. § 3583, the sentencing judge may require SABOR GORDON to serve a term of supervised release of not more than three years, which term will begin at the expiration of any term of imprisonment imposed. Should SABOR GORDON be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SABOR GORDON may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

**Rights of This Office Regarding Sentencing**

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on SABOR GORDON by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information

relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of SABOR GORDON's activities and relevant conduct with respect to this case.

**Stipulations**

This Office and SABOR GORDON agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or SABOR GORDON from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentence proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

**Waiver of Appeal and Post-Sentencing Rights**

As set forth in Schedule A, this Office and SABOR GORDON waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

**Forfeiture**

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), SABOR GORDON agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds SABOR GORDON obtained that are traceable to the offense charged in the Information. SABOR GORDON further agrees that the value of such property was $5,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by SABOR GORDON, in an amount not to exceed $5,000 (the "Forfeiture Amount"). SABOR GORDON consents to the entry of an order requiring him to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to SABOR GORDON prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. SABOR GORDON further

agrees that upon entry of the Order, this Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating SABOR GORDON's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

SABOR GORDON waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. SABOR GORDON understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. SABOR GORDON waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of SABOR GORDON's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

SABOR GORDON further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If SABOR GORDON fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that SABOR GORDON has intentionally failed to disclose assets on his Financial Disclosure Statement, SABOR GORDON agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

**Immigration Consequences**

SABOR GORDON understands that, if he is not a citizen of the United States, his guilty plea to the charged offense likely will result in him being subject to immigration proceedings and removal from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. SABOR GORDON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. SABOR GORDON wants and agrees to plead guilty to the charged offense

regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. SABOR GORDON understands that he is bound by this guilty plea regardless of any immigration consequences of the plea. Accordingly, SABOR GORDON waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SABOR GORDON. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against SABOR GORDON.

No provision of this agreement shall preclude SABOR GORDON from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that SABOR GORDON received constitutionally ineffective assistance of counsel.

**No Other Promises**

This agreement constitutes the plea agreement between SABOR GORDON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: JIHEE G. SUH
TAZNEEN SHAHABUDDIN
Assistant U.S. Attorneys

APPROVED:

LEE M. CORTES, JR.
Deputy Chief, Special Prosecutions Division

I have received this letter from my attorney, Laurie Fierro, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, forfeiture, restitution, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7/11/19
Sabor Gordon

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, forfeiture, restitution, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: July 11, 2019
Laurie Fierro, Esq.

7